THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MANUEL RODRÍGUEZ TORRES, Defendant and Appellant.

No. CE-66-20.     Decided December 1, 1967.

*Nicanor Vázquez Torres* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Before the District Court, Humacao Part, José Manuel Rodríguez Torres was accused, together with Raúl Medina Lebrón and Luis Pérez González, of larceny of use, § 444 (a) of the Penal Code, 33 L.P.R.A. § 1700. They pleaded not

guilty, and after a trial,[1] on January 25, 1966, they were found guilty of the offense charged. They appealed and moved for a new trial.

On April 6, 1966, when the new trial began before the Superior Court, Humacao Part, appellant Raúl Medina Lebrón admitted the facts and pleaded guilty. Immediately José Manuel Rodríguez Torres' counsel for the defense stated that he would use Medina Lebrón as witness. After the evidence for the prosecution was presented the defense called Medina as the first witness but the prosecuting attorney objected stating that he had not testified as witness before the District Court. He was sustained by the trial court.[2] The Superior Court found them guilty.

José Manuel Rodríguez Torres filed a petition for certiorari to review this judgment. Among the errors assigned he alleges the refusal of the trial judge to admit the testimony of codefendant Medina as witness for the defense. On October 31, 1966, we issued the writ requested.

At the time the new trial was held before the Superior Court, Rule 216(g) of the Rules of Criminal Procedure provided in its pertinent part that:

"In cases where an appeal has been taken from a judgment imposing a jail penalty, the district judge shall send the original record to the Superior Court within twenty days, and the court shall set a date for a new trial, summoning the defendant and

---

[1] The witnesses in the complaint are Tomás Mojica Rodríguez, the victim, and policemen Marcelino García, Juan Alejandro, and Domingo Meléndez. The name of another witness was added in ink, but the handwriting is illegible.

The record of the District Court does not reveal the witnesses who testified at the trial.

[2] The defense stated for the record that "In the presence of the prosecuting attorney we talked with . . . Raúl Medina . . . he testified that neither the accused Luis Pérez, nor José Manuel Rodríguez had anything to do with the larceny concerning that vehicle, but rather, that he gave them transportation; that is, he gave them a 'lift' when he found them in the city of Fajardo, to bring them to Humacao." (Tr. Ev. 15–16.) The prosecuting attorney agreed.

the prosecuting attorney. *New evidence shall not be admitted at the trial, but merely a reproduction of the evidence that the district judge might have admitted or rejected . . . .*" (Italics ours.)

█ █  A verbatim construction of the above-copied rule would uphold the action of the trial court. But, the consideration of the grounds which led to the adoption of this provision coupled with the particular attendant circumstances, lead us to a different result. The evident purpose of the rule which excluded the introduction of new evidence was to avoid that the defendant before the District Court would adopt the known tactics of appearing at the trial before said division in order to learn about the evidence against him, reserving his evidence in order to present it before the appellate court. In the instant case, codefendant Medina pleaded not guilty before the District Court and he could not be compelled to testify because of the possibility that he might incriminate himself. It is in the Superior Court that the incompetency disappears; and for that reason, it is then that for the first time he is available to be used as a witness for the defense, the risk of self-incrimination having disappeared with his plea of guilty. The only reasonable construction which can be given to Rule 216 (g), as it governed then, is that the "new evidence" referred to the one which was *available* for the defendant to introduce it at the trial before the District Court.

█  Envisaging the strictness of the provision, and in order to avoid the defeat of justice, the Legislature amended the aforesaid section by Act No. 49 of June 15, 1966 (Sess. Laws, p. 185), of immediate effect, which permits the presentation of new evidence when just cause therefor is shown.[3]

---

[3] For the legislative history see 20 Journal of Proceedings 1727–1729. Rule 216 (g) was amended again recently by Act No. 25 of May 9, 1967 (Sess. Laws, p. 209), for the purposes of admitting the defendant's testimony at the new trial even though he had not testified before the District

There is no doubt that in the case at bar, under the circumstances set forth, the said just cause existed. This being the act in effect at the time of the issuance of the writ it was also proper to grant its benefits to petitioner Rodríguez Torres. *Cf. People* v. *Pou Ruiz,* judgment of May 18, 1967; *People* v. *Rivera Figueroa,* 93 P.R.R. 374 (1966) ; *People* v. *Soto,* 61 P.R.R. 497 (1943).

The case will be remanded for a new trial consistent with this opinion.

Mr. Justice Belaval did not participate herein.

Court. See the Reports of the House Judicial Committee drafted on April 29, 1966—5 *Serv. Legis. P.R.* 394–395—and March 9, 1967, 21 Journal of Proceedings 548, respectively; and that of the Committee on Penal Law of the Senate drafted on April 19, 1967, 21 Journal of Proceedings 782.

Despite the fact that appellant had not testified before the District Court, the trial judge admitted his testimony at the new trial (Tr. Ev. 24) in anticipation of the legislative action.